### GRAND LODGE, BROTHERHOOD OF RAILROAD TRAINMEN, v. CRELLER. (No. 11964.)

Court of Civil Appeals of Texas. Fort Worth. April 7, 1928.

On Appellant's Motion for Rehearing, May 5, 1928.

Insurance ☞819(2)—Denial of prior membership in application for fraternal beneficiary insurance held conclusively shown to have been knowingly untrue and material.

Statement in application for fraternal beneficiary insurance in Brotherhood of Railroad Trainmen that applicant had not been member of "B. of R. T." *held* conclusively shown to have been knowingly untrue in that applicant knew "B. of R. T." meant Brotherhood of Railroad Trainmen, and made by applicant to prevent disclosure of his previous expulsion from society barring recovery on certificate, in view of evidence that, if fact of previous membership had been known, beneficiary certificate would not have been issued.

Appeal from District Court, Tarrant County; H. S. Lattimore, Judge.

Action by Mrs. Nora Creller against the Grand Lodge, Brotherhood of Railroad Trainmen. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered for defendant.

Dee Estes, S. R. Graves, and Carl W. Wade, all of Fort Worth, for appellant.

McLean, Scott & Sayers, of Fort Worth, for appellee.

BUCK, J. Plaintiff, Mrs. Nora Creller, sued the defendant, Grand Lodge, Brotherhood of Railroad Trainmen, in the district court of Tarrant county, to recover the sum of $2,800, alleged to be due upon an insurance policy issued by the defendant to Frank Kreller, in which the plaintiff, Nora Creller, was named as the beneficiary, being related to the insured as his wife. It was alleged in the petition that Mrs. Nora Creller is the surviving wife of Frank Kreller, now deceased, and that said Frank Creller spelled his name "Creller," and sometimes "Kreller"; that the defendant issued to the insured Frank Kreller its certain policy, whereby it obligated itself to pay the beneficiary therein named the sum of $2,800 in case of the death of the insured; that Frank Kreller was dead and had paid all dues and assessments he was obligated to pay on said beneficiary certificate up to the day of his decease, which was March 7, 1925; that at the time of the death of said Frank Kreller he was a member of the defendant society in its Fort Worth Lodge, No. 81, and was in good standing, and had complied with all the requirements of the constitution and general rules of the defendant then in force and effect;

that at the time of the death of said Frank Kreller said certificate of insurance was in full force and effect; that in due time after the death of said Frank Kreller plaintiff furnished the defendant with proofs of death, and made written demand upon the defendant for the sum sued for, but that the defendant refused to pay the same.

The defendant answered by pleading: (a) A general demurrer; (b) a general denial; (c) certain special denials; (d) that defendant was a fraternal benefit society; (e) that the insured, Frank Kreller, made false statements in his answers in his application for and upon which the beneficiary certificate sued upon is based which he warranted to be full, true, and complete; (f) that the assured made false representations in his application for the beneficiary certificate sued upon which were material to the risk assumed; (g) that the assured made incomplete statements in his said application, which he warranted to be true, full, and complete; (h) that the assured fraudulently concealed facts in his said application which were known to him at the time, but were unknown to the defendant until after the death of the assured, and which were material to the risk assumed, and which, if they had been known to the defendant, it would not have accepted the assured as a beneficiary member, and would not have issued said beneficiary certificate to him or in his favor; (i) that at the time the assured made his application for and caused to be issued to him the beneficiary certificate sued upon he was ineligible to membership in the defendant's society, especially as a new member, as he had formerly been a member of the defendant's society as a beneficiary member, and had been expelled from one of the defendant's local lodges for nonpayment of dues, and his beneficiary certificate in such lodge had been canceled by the defendant, and that he could only have been readmitted into defendant's society as a beneficiary member through another lodge of the defendant by first procuring or causing to be issued in his favor a readmission card by the local lodge from which he had been expelled, which he did not do, and that he concealed his identity as such former member at the time he made his application for, and thereby caused to be issued to him, the beneficiary certificate sued upon; (j) that while the assured was such former member of defendant's said society, in its F. T. Fox Lodge, No. 319, at Marion, Iowa, in 1913, he attempted to cheat, swindle, and defraud the defendant out of the amount of the beneficiary certificate then held by him, to wit, $2,000, by pretending that he had been killed; and that he concealed from the defendant that he was such former member at the time he made such application for the beneficiary certificate herein sued upon, and that he had

attempted to defraud the defendant while such former member, by signing his name to said application as "Frank Kreller" instead of "Frank E. Creller," the latter being the name he gave in his former application, and under which he went while such former member, and by giving a different age and family history in the application for the beneficiary certificate sued upon from that given by him in his former application; (k) that the contract sued upon consisted of the application, the beneficiary certificate, and the constitution and general rules of the defendant, and that said contract was made and performable in the state of Ohio, where the defendant maintains its headquarters; that it was agreed in said contract that the same was an Ohio contract and should be governed by its laws, and that under the laws of the state of Ohio plaintiff's cause of action was completely barred by not being commenced within six months after the final rejection of plaintiff's claim by the defendant's board of insurance, and as is provided in section 64 of defendant's constitution; (l) and that under defendant's constitution the plaintiff could only be legally designated as the assured's beneficiary in case she was his "lawful wife," and that the plaintiff was not the lawful wife of the assured, as she attempted to marry the assured under the assumed name of "Miss Nora Stevenson" in less than one year after she had been divorced from E. J. Maxwell upon the grounds of "cruel treatment," in violation of article 4640 of the Revised Statutes of the state of Texas, and fraudulently concealed that she was violating said statute by causing the marriage license to be issued to her and Frank E. Creller, under the assumed name of Miss Nora Stevenson, and by marrying the said Frank E. Creller under the said assumed name of Miss Nora Stevenson, and for that reason was not entitled to recover on said certificate.

The defendant also pleaded a tender into court of the sum of $33, same being the amount it received from the assured, Frank Kreller, in beneficiary assessments up to the date of his decease.

The plaintiff, by supplemental petition, pleaded a general demurrer and specially excepted to the issues pleaded in defendant's amended original answer as set forth in subdivisions k and I as shown above.

The case was tried before a jury on July 1, 1927, and the court, after hearing the pleadings and evidence, on his own motion gave peremptory instruction to the jury to find for the plaintiff, and, the jury having so found, judgment was entered for plaintiff in the sum of $3,024. The defendant has appealed.

### Opinion.

In its answer the defendant pleaded that it was a "fraternal benefit society," and that it was a labor union, and that its membership was limited to railroad trainmen; that it was not "engaged in the business of writing insurance policies," as alleged by plaintiff; but that it issued to its members at actual cost beneficiary certificates, payments of which are made contingent upon the faithful and strict compliance on the part of the members and the beneficiaries with all the requirements and provisions of the constitution, general rules, and by-laws of the defendant, and in strict compliance with all the terms and agreements set forth in the application for membership and in the beneficiary certificates of its respective members. It denied that it had ever insured the life of "Frank Kreller," alleging that the name of the deceased in question was not "Frank Kreller," but was "Frank Everett Creller," a former member of the defendant Brotherhood of Railroad Trainmen; and also denied that said Frank Everett Creller was eligible to membership to said Brotherhood of Railroad Trainmen, or to participate in its beneficiary department at the time he made his application therefor under the assumed name of "Frank Kreller."

Among other defenses, defendant pleaded that the insured knowingly and falsely answered certain questions propounded to him in his application for membership in the society; that he answered, "No," to the question, "Have you ever been a member of the B. of H. B. or B. of R. T.?" that said answer, "No," was not true and was known to be untrue at the time said Frank Kreller made it; that said insured knew at the time he made this answer that he had prior thereto been a member of the F. T. Fox Lodge, No. 319, at Marion, Iowa, in the latter part of 1913, and in the early part of 1914; that he was expelled from said lodge for nonpayment of dues and assessments, on the 1st day of March, 1914, under his correct name of Frank Everett Creller; that by the terms of the contract between the parties, the said Frank Kreller and the defendant, as set forth in the application for the beneficiary certificate, such false statements were made as warranties, and that said Kreller warranted them to be true, material, full, and complete; that the only legal way, according to the constitution and by-laws of the defendant, that the insured could have become reinstated into full membership in the Brotherhood of Railroad Trainmen, after his expulsion or suspension from the lodge at Marion, Iowa, was to make application for reinstatement in that lodge, and, having been reinstated, to transfer to the lodge of his residence at Fort Worth, Tex.; that the reason he did not want to do this was because while going under the correct name of Frank Everett Creller, on or about December 30, 1913, at Russell Creek, Okl., and posing as a person by the name of William F. Miller, the insured

made false and fraudulent statements and representations to A. L. Long, to the effect that he saw Frank Everett Creller fall from a passenger train of the Missouri, Kansas & Texas Railway Company, near Russell Creek Station, Okl., and he was then and there by said train killed; and, again, on or about the 6th day of February, 1914, in Smithville, Tex., the said Frank Kreller, or Frank Everett Creller, representing himself to be Charles B. Sheffler, tried to defraud the defendant out of the sum of $2,000, the amount provided for in beneficiary certificate No. 396, issued to him by the defendant, by claiming that he, the said Frank Everett Creller, was actually killed near said Russell Creek, Okl., on or about the 29th day of December, 1913, and on said date represented to W. G. Lee, president of the Grand Lodge of the defendant, that, unless said claim for $2,000 was paid defendant would lose many of its members; that, if the defendant company and its officers had known at the time of the application of Frank Kreller for membership and certificate in Evergreen Lodge, No. 81, at Fort Worth, that the applicant had in fact been a member of the lodge at Marion, Iowa, they could not and would not have admitted him to membership in the Evergreen lodge, and could not and would not have issued the certificate of insurance sued upon, for the reasons (a) that the only way he could have again become a member of the Brotherhood of Railroad Trainmen was to make application for reinstatement in the lodge at Marion, Iowa, and (b) by reason of the fraud attempted to be perpetrated by said Frank Creller falsely claiming to have been killed.

It is admitted and agreed to in the statement of facts that defendant issued its certificate of insurance sued upon in this case upon the life of Frank Kreller, and that Frank Kreller is dead, and that his dues were paid in defendant's order up to the date of his death on this certificate, and that proof of death was properly furnished by plaintiff to defendant, and that the deceased, Frank Kreller, spelled his name on some occasions "Kreller" and upon some occasions "Creller"; that said Creller, deceased, had previously been a member of the defendant's F. T. Fox Lodge at Marion, Iowa, from October 1913, to February, 1914, and became expelled from said lodge on February 1, 1914, for nonpayment of dues. It was further testified to by W. J. Dyer, who qualified as an expert on writing, that the signature of "Frank Kreller" on the application, dated April 26, 1924, for the beneficiary certificate sued on, and on the supplemental application, and the signature of "Frank Everett Creller," on the application dated September 29, 1913, at Marion, Iowa, were, in his opinion as an expert on handwriting, written by one and the same person; that the letter signed "William F.

Miller," dated at Russell Creek, Okl., December 29, 1913, and purporting to be witnessed by "A. L. Long," and appearing to have been written upon the printed stationery of the Missouri, Kansas & Texas Railway Company, was signed by the same man who signed the application for membership in the lodge at Marion, Iowa; that the man who signed the letter purporting to have been written and signed by Charles B. Sheffler, dated at Smithville, February 2, 1914, was the same man who signed the application for membership in 1913, at Marion, Iowa.

In the application for membership in the Grand Lodge of Brotherhood of Railway Trainmen, executed at Marion, Iowa, on the 29th of September, 1913, said applicant gave the date of his birth as the 8th day of December, 1886, while in the application made to the Evergreen Lodge at Fort Worth, April 26, 1924, he gave the date of his birth as December 8, 1892. There are other variances in the family history which might be noted.

Prentice Booth, witness for defendant, and general secretary and treasurer of the Brotherhood of Railroad Trainmen, testified that, when application for membership or beneficiary certificate is presented or received by the Grand Lodge, such application is checked against the Grand Register to see if such person has ever heretofore been a member of the Brotherhood of Railroad Trainmen. If it is found that a man by that name has been a former member, then his former application and any answers or statements made therein are checked against the application and its contents as presented later for another membership, but that, where the spelling of the name has been changed, such as "Frank Kreller" instead of "Frank Creller," and the further statement is made that he has never been a member of the Grand Lodge of Brotherhood of Railroad Trainmen, it would be difficult to determine from the records whether the applicant had ever been a member of the defendant order or not.

The application blank signed by Frank Kreller is, in part, as follows:

"Application for Beneficiary Certificate to the Grand Lodge of the Brotherhood of Railroad Trainmen.

"I, Frank Kreller, hereby make application through lodge No. 81 for a beneficiary certificate, class D, $2,700, in the Brotherhood of Trainmen, and for that purpose make the following statements as the basis of the contract between said brotherhood and myself:

"1. A. Post office address: Fort Worth, Texas, 1919, La. Ave. B. Occupation: Switchman. C. Age: 31 years 4 months. D. Date of birth year: 1892. Month: Eighth of month Dec. E. My term of service as trainmen is —— years 18 months. F. Employed on M, K & T R. R.

"2. A. Are you now a member of this brotherhood? No. Number of lodge, ——. B. Have you ever been a member of the B. of R. B. or B. of R. T.? No. C. If so, when did you

last belong? Where did you last belong? Lodge No. ———. D. Are you now insured? No. E. Give amount in each company or other organization: ———.

"Note.—If formerly a member, give number and location of lodge, and as nearly as possible date your membership terminated. If expelled for nonpayment of dues a readmission card, F 109½, must accompany or be furnished before it can be considered by the G. S. & T."

In view of the testimony in the record that the insured, under the name of Frank Everett Creller, had formerly been a member of the Grand Lodge of Brotherhood of Railroad Trainmen, and in view of the fact that Frank Everett Creller, under the name of William F. Miller, had written a letter to the following effect:

"Russell Creek, 12/29/1923.

"I saw a man fall under the trucks of the Katy Limited one and one-half miles east of Russell Creek. I saw the wheels run over him and the body fell inside the rail. I later found pants, cap, book of rules and shirt covered with blood. In the book were written Frank E. Creller and in case of accident to notify B. R. T., secretary lodge 319, Marion, Iowa. I notified the agent and he wired the superintendent. But nothing was done till the next day about looking for him. I know he is dead, am of the oppion he was wound around the trucks and cut to pieces. Any service I can be in this matter would gladly help friend and brother lodge member.

"Very Resp.,           William F. Miller.
"Witness: A. L. Long.
"Sworn to this day of December 30, 1923."

—and in view of the letter written by Frank Everett Creller, under the name of Charles B. Sheffler, as follows:

"Smithville, Texas, 2/6/14

"Dear President—Mr. W. G. Lee: Will you please inform me why the claim of Frank E. Creller, member of 319 Marion, Iowa, who lost his life on No. 10 at Russell Creek, Okla. on Dec. 29 ninth and being not cared enough for by the company to look for him until 48 hours afterward. There is a trainmen here who seen him fall and said he reported it to the lodge and as his claim was never posted he is inclined to think that the insurance is no good and is taking quite a few members away by this. Please let me know what about this and will it be paid.

"Your sincere friend and bro.,
"Chas. F. Sheffler,
"Smithville, Texas."

—we hold that a jury would be justified in deciding that, when "Frank Kreller" stated that he had never been a member of the "B. of R. T.," he knew what "B. of R. T." meant, and he denied that he had ever been a member of that society in order to keep the officers thereof from investigating his previous membership and his actions with reference thereto. We do not feel that the trial court was justified in instructing a verdict for the plaintiff. For this error the judgment below must be reversed. Some of us are of the opinion that the evidence is so strong that the insured knew when he answered in his application that he had not been a member of the "B. of R. T." that he knew that those initials stood for "Brotherhood of Railroad Trainmen,'" and that in answering such interrogatory in the negative he did so knowing that such answer was untrue, that it is our duty to reverse the judgment rendered in the trial court and here render judgment for appellant. But we have finally concluded to reverse the judgment and remand the cause, and it is so ordered.

In Ætna Life Ins. Co. v. King, 208 S. W. 350, by the El Paso Court of Civil Appeals, writ of error denied, it is said:

"A misrepresentation in the application for policy is declared by the courts to be material when knowledge of the truth, by the company, might reasonably have caused the company to refuse to issue the policy."

The witness Booth testified that, if the officers of the brotherhood had known that "Frank Kreller" was one and the same person as that of "Frank Everett Creller," or that of "Chas. D. Sheffler," or that of "William F. Miller," at the time the application dated April 26, 1924, for the beneficiary certificate sued upon, at the time the said application was made, they would not have issued the beneficiary certificate. See Clutter v. Wisconsin Texas Oil Com. (Tex. Civ. App.) 233 S. W. 322, writ of error refused, in which the court said:

"The settled rule, in respect to directing a verdict in favor of one of the parties on the evidence, is to give to the evidence its strongest probative force in favor of the ruling, so, if there is any evidence in favor of the party against whom the instruction was given, it would be error. Such directed verdict can be proper only if under all the evidence and under all reasonable inferences therefrom, as a matter of law, the party against whom the instructed verdict was ordered was not entitled to recover. It may be further tested by saying it is a question 'whether reasonable minds, viewing the evidence in its most favorable light for the appellant, could have returned a verdict in his favor. If so, the court erred in directing the verdict.'"

Judgment reversed, and cause remanded.

On Appellant's Motion for Rehearing.

Upon further consideration, we have concluded that the judgment below should be reversed and judgment here rendered for appellant. The application signed by Frank Kreller for admission in the lodge at Fort Worth, as well as that signed by him as Frank Everett Creller, for admission in the lodge at Marion, Iowa, had "Grand Lodge of the Brotherhood of Railroad Trainmen" printed in large type, capitalized, at the top of the page. It is admitted that Frank Kreller and Frank Everett Creller are one and

the same person, and that Frank Kreller, going under the name of Frank Everett Creller, formerly belonged to the lodge at Marion, Iowa. Therefore it is practically impossible that, in making the application for membership in the Fort Worth lodge, the applicant did not know that "B. of R. T." meant the Brotherhood of Railroad Trainmen, and that, in answering the question as to whether he had ever been a member of the "B. of R. T.," "No," he meant to say that he had never been a member of the appellant order.

The appellant's motion for rehearing is granted, and the judgment below is reversed, and judgment is here rendered for appellant. All costs are adjudged against appellee.